# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARTIN CENTENO,

    Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, *et al*.,

    Defendants.

Case No. 2:12-CV-0056-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant MTC Financial Inc. d/b/a Trustee Corps' Motion to Dismiss (#8).  Plaintiff filed a response in opposition (#12/14).

I.  Background

    Plaintiff's Complaint (#1-1) alleges that Plaintiff is the co-owner beneficiary of property located at 5455 Criollo Dr., Las Vegas, NV 89122.  Plaintiff asserts that he acquired his interest in the property when the Criollo Family Trust was the successful bidder at an Homeowner's Association ("HOA") Trustee Sale at public auction on July 27, 2011. Plaintiff also incorrectly alleges that the July 27, 2011 Trustee Sale brought by the HOA to collect its unpaid assessments by foreclosure extinguishes any junior liens including the lender's lien on the underlying mortgage.

1    A subsequent Trustee's Sale was held on January 10, 2012 by Defendant MTC Financial Inc.

2  d/b/a Trustee Corps which conveyed title to the successful bidder Maverick Valley Properties, LLC.

3  Previously, the beneficial interest under the Deed of Trust and the Note/s were transferred to EMC

4  Mortgage Corporation on December 12, 2009 by Mortgage Electronic Registration Systems, Inc.

5  acting as the nominee for the Lender Pulte Mortgage.  That beneficial interest and the Notes were

6  then transferred by EMC Mortgage to JP Morgan Chase Bank, N.A., on October 4, 2010. That

7  assignment of the beneficial interest and notes was recorded on December 5, 2011.  On December

8  13, 2009, EMC Mortgage substituted MTC Financial as trustee.  The Substitution was recorded on

9  January 11, 2010.  Notice of Breach and Default and Election to Sale was recorded on December 14,

10 2009.

11    Plaintiff filed the present action in Nevada state court on December 28, 201.  The case was

12 removed to this court on January 12, 2012.  The Trustee's Sale occurred on January 10, 2012.  The

13 complaint sought injunctive relief to stop the sale and alleged claims for declaratory relief, to quiet

14 title, and unfair lending practices.  Defendant MTC Financial filed the present motion to dismiss on

15 January 30, 2012.

16 II.  Standard for a Motion to Dismiss

17    In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as

18 true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v.

19 Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

20 Consequently, there is a strong presumption against dismissing an action for failure to state a claim.

21 See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

22    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

23 as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,

24 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

25 context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to

26 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

1    The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the

2    allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

3    which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the

4    Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

5    relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion

6    to dismiss.  Id. at 1950.

7    III.  Analysis

8        A. Real-party-in-interest

9    Defendant MTC Financial ("MTC") has moved to dismiss each of the claims alleged against

10   it.  First, MTC asserts that Plaintiff, Martin Centeno, is not the real-party-in-interest.  The complaint

11   alleges that Plaintiff is the co-owner beneficiary of the Property having acquired it in an HOA

12   Trustee Sale on or about June 27, 2011.  Plaintiff also alleges that the property "was placed" in the

13   name of "Criollo Family Trust" as evidenced by the Trustee's Deed Upon Sale.  In his affidavit (#14)

14   to the opposition to the motion to dismiss, Plaintiff also asserts the he is a co-owner of the Property

15   based upon the HOA Trustee Sale, but that the Property was placed in the name of Mustang Family

16   Trust as evidenced by a Trustee's Deed Upon Sale that he did not attach to the affidavit (though he

17   asserted that he had).  Therefore, since neither Trustee's Deed Upon Sale asserts that Plaintiff has an

18   interest in the property, Plaintiff has insufficiently alleged that he is a real-party-in-interest in

19   accordance with Federal Rule of Civil Procedure 17(a).  His claims for wrongful foreclosure and

20   quiet title cannot be maintained since he has no documented interest in the Note, Deed of Trust or

21   either Trustee's Deed Upon Sale.  However, in accordance with Rule 17(a)(3), the Court gives the

22   real-party-in-interest fourteen (14) days to ratify, join, or be substituted in the current action.  If the

23   real-party-in-interest fails to do so, the Court will dismiss the complaint with prejudice.

24   IV.  Conclusion

25   Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#8) is

26   **GRANTED in part**;

IT IS FURTHER ORDERED that the real-party-in-interest, presumably Criollo Family Trust,

ratify, join, or be substituted in the action with fourteen (14) days of the entry of this order.  Failure

to do so will result in the complaint being dismissed with prejudice.

DATED this _20_ day of July 2012.


_____
Kent J. Dawson
United States District Judge

4